# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

November 30, 2020

**VIA ECF**
The Honorable Stewart D. Aaron
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595

Dear Judge Aaron:

      Together with Outten & Golden LLP, we are Class Counsel in the above-referenced action. We write to request that the Court approve Make the Road New York ("MRNY") as the *cy pres* designee for the remaining settlement funds in this action.

      Class Counsel represent tipped service workers who worked at Defendants' restaurants in New York City and Westchester. Plaintiffs alleged that Defendants (1) violated the Fair Labor Standards Act, 29 U.S.C. §§ 203(m), 206, 207, by paying service employees pursuant to a tip credit while retaining a portion of employees' tips; (2) violated N.Y. Lab. L. § 196-d by retaining a portion of service employees' tips; and (3) failed to pay service employees New York's spread of hours premium when their workdays lasted longer than 10 hours, in violation of N.Y. Comp. Codes R. & Regs., tit. 12 § 137-1.7. The parties ultimately settled this action on a class-wide basis for $5.25 million, and the settlement was approved by the Court. (Dkt. No. 139.) The settlement agreement provided that any money left in the settlement fund after all settlement checks were redeemed or rendered void would be redistributed to class members who cashed their checks or, if a redistribution was not administratively feasible, paid to a *cy pres* designee. (Dkt. No. 133-1 ¶ 3.4(G).) The settlement agreement further provided that if the parties were unable to agree on a *cy pres* designee, the dispute could be submitted to the Court. (*Id.*)

      After the initial settlement checks were all redeemed or rendered void, approximately $192,000 remained in the settlement fund. Those funds were redistributed to class members who cashed their settlement checks. Now, after the redistribution, $46,296.29[1] remains in the settlement fund to be paid to a *cy pres* designee. The parties have been unable to agree on a *cy pres* designee. Class Counsel contend that MRNY should be the *cy pres* designee. Defendants have refused to agree to this. For the reasons set forth below, the Court should designate MRNY as the *cy pres* recipient.

      "Under the *cy pres* doctrine, the best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit." *Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35 (W.D.N.Y. 2018).

      General purpose organizations with laudable but unrelated charitable purposes, such as food banks or general welfare organizations, would not be appropriate

---

[1] This amount remains subject to possible reduction for taxes that may be due at the end of the year.

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

here. Because this is a wage and hour case, the unused settlement funds should be distributed to organizations that perform functions directly related to the enforcement of wage and hour laws.

*Sewell v. Bovis Lend Lease, Inc.*, No. 09 CV 6548, 2013 U.S. Dist. LEXIS 47526, at *4 (S.D.N.Y. Mar. 29, 2013) (internal citations omitted). "Courts should defer to the *cy pres* selection of plaintiffs and their counsel unless there is good cause not to defer." *Godson*, 328 F.R.D. at 59; see also *Stefaniak v. HSBC Bank U.S., N.A.*, No. 05 CV 720S, 2011 U.S. Dist. LEXIS 144346, at *4 (W.D.N.Y. Dec. 15, 2011); *Ploltz v. NYAT Maint. Corp.*, No. 98 Civ. 8860, 2006 U.S. Dist. LEXIS 4799, at *5 (S.D.N.Y. Feb. 6, 2006).

MRNY is an appropriate *cy pres* designee because it "advances and protects the rights of worker through litigation, legislative advocacy, community education, and job training." *Sewell*, 2013 U.S. Dist. LEXIS 47526, at *6. MRNY represents workers in wage and hour actions and engages in legislative advocacy that benefits New York workers. For example, in 2010 MRNY was a key player in the passage of New York's Wage Theft Prevention Act, "which strengthened state wage and hour laws and benefitted workers, including the workers in this case." *Id*. at *7. Thus, MRNY's work is "directly related to the enforcement of wage and hour laws," and as such it should be the *cy pres* designee. To be sure, courts have repeatedly approved MRNY as a *cy pres* recipient in wage and hour class actions. *E.g.*, *Sewell*, 2013 U.S. Dist. LEXIS 47526; *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 02494, 2010 U.S. Dist. LEXIS 62591 (S.D.N.Y. June 22, 2010).

Defendants stated that they would not agree to designate MRNY to receive the *cy pres* funds because (1) Class Counsel Outten & Golden LLP ("O&G") has been honored by MRNY, (2) MRNY has referred cases to O&G, (3) O&G has worked as co-counsel with MRNY, and (4) O&G and Class Counsel Joseph & Kirschenbaum LLP have made financial contributions to MRNY. None of this provides a basis for not appointing MRNY as the *cy pres* designee. Potential referrals by a *cy pres* designee are not a conflict of interest. *See Vasco v. Power Home Remodeling Group LLC*, No. 15 CV 4623, 2016 U.S. Dist. LEXIS 141044, at *28 (E.D. Pa. Oct. 12, 2016). Class counsel's own donations to a *cy pres* designee merely reflect that class counsel believes the designee "is a legitimate and worthy operation whose interests are aligned with those of the class." *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 853-54 (S.D.N.Y. 2016). Similarly, O&G's co-counseling with MRNY in the past and Class Counsel being honored by MRNY are simply the result of the fact that Class Counsel and MRNY are all advocates for workers' rights. Moreover, the few matters on which O&G has co-counseled with MRNY, all of which ended more than five years ago, have been *pro bono* matters and resulted in either no fee recoveries or nominal fee recoveries.

Furthermore, Defendants' litmus test for an acceptable *cy pres* recipient would inappropriately exclude most well-regarded nonprofits because of Class Counsel's relationship with them. O&G, for example, has worked *pro bono* for, donated to, and/or co-counseled with dozens of organizations, including, among others: A Better Balance; Alliance for Greater New York [ALIGN] Jobs With Justice; American Civil Liberties Union Foundation; Asian American Legal Defense and Education Fund; Brandworkers International; Center for Constitutional

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

Rights Inc.; Center for Popular Democracy; Centro Legal de la Raza; City Bar Fund; City Bar Justice Center; Damayan Migrant Workers Association; Disability Rights Advocates; Domestic Workers United, Inc.; Equal Rights Advocates, Inc.; Impact Fund; Interfaith Worker Justice; Lambda Legal; Latino Justice [PRLDEF], Inc.; Lawyers' Committee for Civil Rights Under Law; Legal Action Center of the City of New York; Legal Aid Society; Legal Momentum; Legal Services NYC; Mexican American Legal Defense & Education Fund; Mobilization for Justice; NAACP Legal Defense and Educational Fund; National Employment Law Project; National Mobilization Against Sweatshops; National Organization for Women – Women's Justice Now; National Women's Law Center; New York Civil Liberties Union Foundation; New York Lawyers for the Public Interest Inc.; New York Legal Assistance Group Inc.; Restaurant Opportunities Center of NY; Transgender Legal Defense & Education Fund; Unemployment Action Center; Urban Justice Center; and Youth Represent. Precluding these organizations from being designated the *cy pres* recipient in a matter where their work is otherwise "closely related to the purpose of the lawsuit" would be unsound. *Godson*, 328 F.R.D. at 59.

Defendants, meanwhile, have proposed the Bring Back Brooklyn Fund ("BBBF") as the *cy pres* designee. The BBBF is not a proper *cy pres* designee. *See id.* The purpose of a wage and hour class action is to redress violations of wage and hours law. Thus, in a wage and hour case "the unused settlement funds should be distributed to organizations that perform functions directly related to the enforcement of wage and hour laws." *Sewell*, 2013 U.S. Dist. LEXIS 47526, at *4. The BBBF is part of an employer organization – the Brooklyn Chamber of Commerce – and bears no relation to the enforcement of wage and hour laws on behalf of workers. *See* Bring Back Brooklyn Fund, https://www.downtownbrooklyn.com/bring-back-brooklyn-fund (last visited Nov. 25, 2020). Instead, according to its fundraising page, the BBBF "provide[s] no-interest, recovery loans of $500 - $10,000 to help local small businesses recover from COVID-19." *See Support Neighborhood Businesses, it's the Brooklyn Way!*, Brooklyn Chamber Com., https://fundrazr.com/BCC-BringBrooklynBack?ref=ab_6VnUnsVvGVX6VnUnsVvGVX (last visited Nov. 25, 2020). Thus, not only is the BBBF unrelated to the enforcement of wage and hour laws, but the BBBF provides no direct relief to workers at all. Accordingly, there is no basis to appoint BBBF as the *cy pres* designee.[2]

For the foregoing reasons, we respectfully request the Court appoint Make the Road New York as the *cy pres* designee for the remaining settlement funds. We thank the Court for its attention to this matter.

Respectfully submitted,
/s/ Denise A. Schulman
Denise A. Schulman

---

[2] Defendants previously proposed the Restaurant Employee Relief Fund ("RERF") as an alternate *cy pres* designee. However, the RERF is no longer accepting donations. *See Restaurant Employee Relief Fund*, Nat'l Restaurant Ass'n Educ. Found., https://rerf.us (last visited Nov. 25, 2020). In any event, the RERF would not be a proper *cy pres* designee. Like the BBBF, the RERF is part of an employer organization – the National Restaurant Association – and does nothing to enforce wage and hour laws. Rather, the RERF provides grants to restaurant workers who have been impacted by COVID-19. *Id*.