

Fox Rothschild LLP
ATTORNEYS AT LAW

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7927  Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
Direct No: 212.905.2305
Email: GGrindlinger@FoxRothschild.com

December 7, 2020

<u>VIA ECF</u>

Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Re:  <u>Capsolas, et *al.* v. Pasta Resources Inc. et *al.*</u>
>      **Civil Action No.: 10-cv-5595**

Your Honor:

We represent Defendants Pasta Resources Inc., Babbo LLC, Pane Sardo LLC, El Mono LLC d, La Loggia LLC, Mario Batali, and Joseph Bastianich (collectively "Defendants") in the above-referenced matter.  We write in opposition to Plaintiff's request that the Court approve Make the Road New York ("MRNY") as a *cy pres* designee.

Pursuant to Section 3.4(G) of the Settlement Agreement resolving this action ("Agreement"), in the event that it is impracticable to redistribute the unclaimed portion of the settlement fund, "the money will be donated to a *cy pres* designee to be negotiated by the parties and subject to the Court's approval."  Dkt. No. 133-1, p. 16.  While Defendants believe that it would be proper to distribute the unclaimed settlement monies to a cy *pres* designee, in violation of the Agreement's terms, Class Counsel has ***refused*** to negotiate with Defendants about the *cy pres* designee, instead simply dictating that MRNY be so designated.  However, even if to Class Counsel has negotiated in good faith, MRNY would not be an appropriate *cy pres* designee because it would violate the *cy pres* doctrine and the intent of the parties to the Agreement.

By way of background, on May 14, 2020, the Claims Administrator contacted Class Counsel; Defendants were not copied on the correspondence.  *See* Ex. A.  At that time, it appears that Class Counsel made the unilateral decision to pay all remaining monies in the settlement fund to MRNY as *cy pres*.  *See id.*  Contrary to the terms of the Agreement, there is no indication that the Claims Administrator determined that it was "not feasible"

Hon. Stewart D. Aaron
December 7, 2020
Page 2

to redistribute the remaining funds to class member who cashed their settlement checks. *See* Dkt. No. 133-1, p. 16 ("If, in the Claims Administrator's view, a second distribution is not administratively feasible . . ., the money will be donated to a *cy pres* designee[.]")  It is also clear from Class Counsel's correspondence that they had determined, without consulting or negotiation with Defendants, that MRNY would be the *cy pres* designee.  *See* Ex. A ("we'd like to first have initial checks reissued for the two class members . . . before the remainder is distributed to MRNY.")

Later that day, Class Counsel contacted Defendants' counsel to seek approval of MRNY as the *cy pres* designee.  *See id.*  In response, Defendants suggested Bring Back Brooklyn ("BBB")[1] or Restaurant Employee Relief Fund ("RERF")[2] as *cy pres* designees believing that such charities would benefit the class **directly**, rather than MRNY.  *See* Ex. B. On May 15, Class Counsel refused to consider anyone other than MRNY.  *See* Ex. C. Defendants then noted that there was a conflict of interest in designating MRNY as a *cy pres* designee as MRNY has previously honored Class Counsel, Class Counsel had made financial contributions to MRNY, and Class Counsel and MRNY have actually been co-counsel on a number of cases.  *See* Ex. D.  On May 18, Defendants reiterated that they were open to any other suggestions.  Ex. E.  Class Counsel never responded to Defendants.  Over six months later, they filed their letter to the Court on this issue.

The purposes of the *cy pres* doctrine is to "put the unclaimed [settlement monies] to its next best use." *Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 436 (2d Cir. 2007). While the court has "broad discretionary powers" with regard to the distribution "of any unclaimed class action fund," *Van Gernert v. Boeing Corp.,* 739 F.2d 730, 737 (2d Cir. 1984), this discretion is not unlimited.  In fact, the Second Circuit has instructed district courts to abide by a significant guiding principle, namely that the *cy pres* designee should benefit those class members "most in need of help."  *In re Holocaust Victim Asset Litig.,* 424 F.3d 158, 161 n. 3 (2d Cir. 2005); *see also Masters,* 473 F.3d at 436 (noting that the *cy pres* designee should benefit class members in the aggregate).

Designating MRNY as *cy pres* designees would not benefit class members much less those that are "most in need of help."  The Agreement defines the "class" as "all individuals who work or worked for Defendants as a Captain, Server, Waiter, Busser, Runner, Backwaiter, Bartender, and/or Barback [.]"  *See* Dkt. No. 133-1, p. 3-4.  MRNY is an organization that cannot benefit the class as a whole. MRNY primarily bring legal actions on behalf of aggrieved workers. Because of the doctrines of *res judicata* and

---

[1] BBB was created after the onset of the COVID-19 pandemic to provide no-interest loans to Brooklyn businesses to provide them with funds to hire and pay employees, such as restaurant workers.

[2] After the onset of the COVID-19 pandemic, the RERF was created to provide direct financial support to restaurant workers who lost their jobs as a result of the pandemic.

Hon. Stewart D. Aaron
December 7, 2020
Page 3

collateral estoppel, MRNY cannot bring actions against Defendants on behalf of class members. Further, there is nothing to suggest that MRNY can assist or benefit class members "most in need." Also, there was no finding of any wrongdoing by Defendants, it is therefore impossible to say that the class members were ever "aggrieved workers."

In addition, MRNY is inappropriate because there is a conflict-of-interest among MRNY and Class Counsel. Courts have cautioned against designating organizations for *cy pres* distributions that would benefit class counsel. *See S.E.C. v. Bear, Stearns & Co. Inc.,* 626 F.Supp.2d 402, 415 (S.D.N.Y. 2009) (noting that one of the problems of *cy pres* designations are that "many *cy pres* distributions are channeled to organizations that support work done by plaintiffs' attorneys, thus, indirectly benefiting the plaintiffs' attorneys."). As set forth above, MRNY supports work done by Class Counsel as Class Counsel, Class Counsel regularly make contributions to MRNY, and MRNY has honored Class Counsel. *See* Exs. F and G. Because of this conflict-of-interest, MRNY is not an appropriate *cy pres* designee.

In contrast to MRNY, Defendants' suggestion of BBB or RERF[3] as *cy pres* designations satisfies the Second Circuit's *cy pres* guidelines. Both organizations provide support to restaurants and restaurant workers to assist them in financially surviving the pandemic – in lieu of actual wages, which is the core issue in this matter. Moreover, neither Class Counsel nor Defendants are involved with either organization. Making *cy pres* distributions to either organization would benefit the class, particularly any class members "most in need of help." Indeed, BBB and RERF can assist the neediest of class members unlike MRNY.

We respectfully thank the Court for its consideration of this issue and we arc available at the Court's convenience to discuss this matter in greater detail.

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Glenn S. Grindlinger*

Carolyn D. Richmond
Glenn S. Grindlinger

cc:    All counsel of record via ECF

---

[3] While the Restaurant Employee Relief Fund no longer accepts donations, its affiliated entity, the National Restaurant Association Educational Foundation (NRAEF) accepts donations and provides similar relief to restaurant workers. *See* https://chooserestaurants.org/change-1 and https://rerf.us/ (both visited on Dec. 4, 2020).