**Grindlinger, Glenn S.**

| | |
|---|---|
| **From:** | Richmond, Carolyn D. <CRichmond@foxrothschild.com> |
| **Sent:** | Monday, May 18, 2020 2:37 PM |
| **To:** | Maimon Kirschenbaum |
| **Cc:** | Grindlinger, Glenn S.; Denise Schulman |
| **Subject:** | Re: [EXT] RE: Capsolas v. Pasta Resources |

It's not snarky but we made clear all those years ago that MTR was not ok.  We prefer a group that directly benefits employees.  Happy to hear any other choices.  Right now, 95 percent of all of your prior plaintiffs have real food needs right now—not a need for any of us lawyers.

Carolyn D. Richmond
Fox Rothschild LLP
101 Park Avenue, 17th floor
New York, New York 10178
212.878.7983
www.foxrothschild.com



On May 18, 2020, at 2:25 PM, Maimon Kirschenbaum <maimon@jk-llp.com> wrote:

I am not trying to hide that we'd really like for the money to go to the designee of our choice- MRNY, in light of great work they do.  I am sorry if my tone came off as snarky.

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Sent:** Monday, May 18, 2020 2:23 PM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>; Denise Schulman <Denise@jk-llp.com>
**Subject:** RE: Capsolas v. Pasta Resources


Maimon:

Of course, it would have been easier if you had given us more than one option and been open to other suggestions, which will be noted in our response.

Regards,


**Glenn Grindlinger**
Partner
**Fox Rothschild LLP**
101 Park Avenue
New York, NY 10178
(212) 905-2305 - direct
(212) 692-0940- fax
**GGrindlinger@foxrothschild.com**
**www.foxrothschild.com**

**Please note the following information for Employers regarding Coronavirus:**
**https://www.foxrothschild.com/coronavirus-resources/**


**From:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Sent:** Monday, May 18, 2020 2:18 PM
**To:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>; Denise Schulman <Denise@jk-llp.com>
**Subject:** [EXT] RE: Capsolas v. Pasta Resources

Duly noted.  For the record, we have donated to them, for the same reason we are designating them-we think they do great meaningful work. We (at least my firm) have received nothing at all from them except for a few cocktails at their gala dinner.  Anyway, I'm sure you've seen the caselaw re: conflicts on this point, and specifically re: MRNY.  We'll make the motion.  Would've been easier if we didn't have to spend time on this…

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway

Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Sent:** Monday, May 18, 2020 2:14 PM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>; Denise Schulman <Denise@jk-llp.com>
**Subject:** RE: Capsolas v. Pasta Resources

Maimon:

We have a number of objections to Make the Road.  We would initially note that Make the Road generally low wage workers generally and not necessarily those within the hospitality industry.  Thus, there are a number of class members who would never benefit from Make the Road's actions.  The cy pres designees that Defendant suggested would directly benefit the class members.  Further, and more importantly, there is a conflict of interest between Make the Road and Class Counsel, especially Outten & Golden LLP.  Specifically, among other things, Outten & Golden has:

- Been honored by Make the Road on numerous occasions
- Been referred cases by Make the Road
- Worked with Make the Road as co-counsel in a number of cases
- Made financial contributions to Make the Road (as has Joseph & Kirschenbaum) as recently as 2019

We would also note that you did not offer or suggest any other alternative cy pres designees.

Regards,

**Glenn Grindlinger**
Partner
**Fox Rothschild LLP**
101 Park Avenue
New York, NY 10178
(212) 905-2305 - direct
(212) 692-0940- fax
GGrindlinger@foxrothschild.com
www.foxrothschild.com

**Please note the following information for Employers regarding Coronavirus:**
https://www.foxrothschild.com/coronavirus-resources/

---

**From:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Sent:** Monday, May 18, 2020 1:22 PM
**To:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>; Denise Schulman <Denise@jk-llp.com>
**Subject:** [EXT] RE: Capsolas v. Pasta Resources

Thanks for the follow up.  We will be making a motion to designate MRNY.  Please let us know if you have any specific objection to MRNY that we should consider in our motion.

DMK

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

---

**From:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Sent:** Monday, May 18, 2020 9:17 AM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** RE: Capsolas v. Pasta Resources

Maimon:

We cannot agree to Make the Road as the cy pres designee.  If you have other alternatives, we would be willing to review them.

Thanks,

**Glenn Grindlinger**
Partner
**Fox Rothschild LLP**
101 Park Avenue
New York, NY 10178
(212) 905-2305 - direct
(212) 692-0940- fax
**GGrindlinger@foxrothschild.com**
**www.foxrothschild.com**

**Please note the following information for Employers regarding Coronavirus:**
**https://www.foxrothschild.com/coronavirus-resources/**

---

**From:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Sent:** Friday, May 15, 2020 12:15 PM
**To:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** [EXT] RE: Capsolas v. Pasta Resources

Glenn:

I appreciate the suggestion, but we'd like to stick with MRNY.  Please let us know either way, and we will make an application on Monday if we can't reach an agreement.  *See In re Citigroup Inc. Sec. Litig.,* 199 F Supp 3d 845, 851 [SDNY 2016]) ("in the absence of any evidence of an actual or apparent conflict of interest, class counsel is entitled to a certain amount of leeway. When *cy pres* designations are made — at the tail end of the litigation—class counsel has presumably already proved worthy of the court's trust. They have survived the crucible of the class counsel appointment inquiry by virtue of their experience, diligence, and fairness."); *See also  Godson v Eltman, Eltman, & Cooper, P.C.,* 328 FRD 35, 59 [WDNY 2018]):

*See also,* Godson v Eltman, Eltman, & Cooper, P.C., 328 FRD 35, 59 [WDNY 2018]) :

> "[C]ourts should defer to the *cy pres* selection of plaintiffs and their counsel unless there is good cause not to defer." *Sewell*, 2013 U.S. Dist. LEXIS 47526, 2013 WL 1316015, at *3; *see Plotz v. NYAT Maint. Corp.*, No. 98 CIV. 8860(RLE), 2006 U.S. Dist. LEXIS 4799, 2006 WL 298427, at *2 (S.D.N.Y. Feb. 6, 2006) ("The distribution preference of class counsel should be entitled to deference when it is the only entity with a meaningful and equitable interest in [**40] the remaining funds, especially where the designated recipient is a legitimate and appropriate organization."). Indeed, "Class Counsel is in the best position to determine the purpose of the lawsuit and to select organizations whose purposes are consistent with it." *Reyes*, 2010 U.S. Dist. LEXIS 62591, 2010 WL 2545859, at *1; *see Stefaniak v. HSBC Bank USA, N.A.*, No. 05-CV-720S, 2011 U.S. Dist. LEXIS 144346, 2011 WL 7051093, at *1 (W.D.N.Y. Dec. 15, 2011) ("A plaintiff's selection of a *cy pres* recipient is entitled to deference because only the plaintiffs and their counsel can determine the objectives of their own lawsuit [and] what is in the interest of the class they represent."). No such good cause warranting divergence from Class Counsel's selection is present here.

Thanks.

Maimon

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004

Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Sent:** Friday, May 15, 2020 11:18 AM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** RE: Capsolas v. Pasta Resources

Maimon:

Thank you for the clarification on the cy pres designee.  We would suggest two alternatives:

- Bring Back Brooklyn or
- Restaurant Employee Relief Fund

We believe that these two charities would benefit more class directly rather than Make The Road.  In light of the pandemic, we believe that the designee should be focused on assisting hospitality industry employees as the hospitality industry has been hit especially hard.  These two charities do exactly that, the first one by helping reestablish restaurants and similar establishments in Brooklyn and the second one with providing direct relief to restaurant workers.

Please let us know if either designee is acceptable to you.

Thanks,

**Glenn Grindlinger**
Partner
**Fox Rothschild LLP**
101 Park Avenue
New York, NY 10178
(212) 905-2305 - direct
(212) 692-0940- fax
**GGrindlinger@foxrothschild.com**
**www.foxrothschild.com**

**Please note the following information for Employers regarding Coronavirus:**
**https://www.foxrothschild.com/coronavirus-resources/**

**From:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Sent:** Thursday, May 14, 2020 4:48 PM
**To:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** [EXT] RE: Capsolas v. Pasta Resources

Defendants did not agree to it. There was an agreement to cy pres, not the designee.  We'd like to give it MRNY, as it fits closest with the cy pres requirement, see:

(Reyes v Buddha-Bar NYC, 2010 US Dist LEXIS 62591, at *2-3 [SDNY June 22, 2010])
NELP and Make the Road are appropriate *cy pres* designees in a wage and hour class action. Under the *cy pres* doctrine, the best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit. *See Superior Beverage Co. v. Owens-Illinois*, 827 F. Supp. 477, 479 (N.D. Ill. 1993) (although other applications are permitted,"… use of funds for purposes  [*3] closely related to their origin is still the best *cy pres* application"). A *cy pres* remedy allows a fund to be diverted to a related purpose when it can no longer be devoted to the purpose for which it was created. *See Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, No. CV-04-2195, 2006 U.S. Dist. LEXIS 89226, *22 n.7 (E.D.N.Y. Dec. 11, 2006) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 784 (7th Cir. 2004)).

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Sent:** Thursday, May 14, 2020 4:44 PM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Cc:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** FW: Capsolas v. Pasta Resources

Maimon:

Assuming Defendants do not have to pay anything further and that all payments, including any purported payroll is paid from the remaining funds, we do not have any objection to reissuing checks to the two individuals identified below.

Regarding the cy pres designee, when did the parties agree that it would be Make The Road?  If you have an email or other document memorializing that agreement, please forward it to me.

Thanks,


**Glenn Grindlinger**
Partner
**Fox Rothschild LLP**
101 Park Avenue
New York, NY 10178
(212) 905-2305 - direct
(212) 692-0940- fax
**GGrindlinger@foxrothschild.com**
**www.foxrothschild.com**

**Please note the following information for Employers regarding Coronavirus:**
**https://www.foxrothschild.com/coronavirus-resources/**

---

**From:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Sent:** Thursday, May 14, 2020 1:14 PM
**To:** Grindlinger, Glenn S. <GGrindlinger@foxrothschild.com>
**Subject:** FW: Capsolas v. Pasta Resources


**Carolyn D. Richmond**
**Fox Rothschild LLP**
**Chair, Hospitality Practice Group**
101 Park Avenue
17th Floor
New York, NY 10178
212.878.7983 - direct
212.692.0940- fax
**Bio:** http://www.foxrothschild.com/carolyn-d-richmond/
CRichmond@foxrothschild.com
www.foxrothschild.com

**Please note the following information for Employers regarding Coronavirus:**
**https://www.foxrothschild.com/coronavirus-resources/**

**From:** Maimon Kirschenbaum <maimon@jk-llp.com>
**Sent:** Thursday, May 14, 2020 1:09 PM
**To:** Richmond, Carolyn D. <CRichmond@foxrothschild.com>
**Subject:** [EXT] FW: Capsolas v. Pasta Resources

Carolyn:

See below.  There's about $49k.  We'd like to issue two checks to the two individuals identified below and give the remainder to Make the Road NY.   Please confirm it's ok with y'all.

DMK

D. Maimon Kirschenbaum
Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
NYC, NY 10004
Phone: (212) 688-5639
Cell:  (917) 841-3342
Fax: (212) 688-2548

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

**From:** Shethji, Pooja <PShethji@outtengolden.com>
**Sent:** Thursday, May 14, 2020 10:52 AM
**To:** Maimon Kirschenbaum <maimon@jk-llp.com>; Denise Schulman <Denise@jk-llp.com>
**Cc:** Swartz, Justin M. <jms@outtengolden.com>
**Subject:** FW: Capsolas v. Pasta Resources

Hi Maimon, Denise,

Following up on our call just now, we'd like to first have initial checks reissued for the two class members who alerted us to this (Bergaz and Florero) before the remainder is distributed to MRNY.  Those details and the uncashed amount in the fund are below.

Thanks!
Pooja

**From:** Bernie Osterlund <bernie.osterlund@kccllc.com>
**Sent:** Monday, April 20, 2020 12:41 PM
**To:** Shethji, Pooja <PShethji@outtengolden.com>
**Cc:** Jeff Moore <jmoore@kccllc.com>; Patrick Passarella <ppassarella@kccllc.com>; Tricia Solorzano <Tricia.Solorzano@kccllc.com>; Swartz, Justin M. <JMS@outtengolden.com>
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Pooja,

There remain 3 of the 7 checks that have not yet been cashed.  All told, there are 472 uncashed checks totaling $49,107.

Mr. Bergaz was issued a check in 2012.  Since he did not cash that check, he wasn't eligible for a second distribution.  His initial check was sent to an address in New York City.

If you want to issue new checks to both Bergaz and Florero, let me know.  The cost would remain at $1700.

Bernie

---

**From:** Shethji, Pooja [mailto:PShethji@outtengolden.com]
**Sent:** Monday, April 20, 2020 9:29 AM
**To:** Bernie Osterlund
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano; Swartz, Justin M.
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Hi Bernie,

Apologies for not getting back to you earlier.  We have two questions first.

1.  Would you please let us know whether the 7 uncashed checks you mentioned previously expired and what the total amount in the account is now?
2.  I recently heard from Juan Bergaz who moved to Florida in 2008 and may be in the same position as Palemon Florero.  Would you please check your records about Mr. Bergaz?  If he is eligible to have his check reissued, too, would that change the $1700 in costs you cited earlier?

I'm copying Justin here, as well.

Thanks,
Pooja

---

**From:** Bernie Osterlund <bernie.osterlund@kccllc.com>
**Sent:** Monday, April 20, 2020 12:21 PM
**To:** Shethji, Pooja <PShethji@outtengolden.com>; Yu, Stephanie <syu@outtengolden.com>
**Cc:** Jeff Moore <jmoore@kccllc.com>; Patrick Passarella <ppassarella@kccllc.com>; Tricia Solorzano <Tricia.Solorzano@kccllc.com>
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Since I have not heard back from you on the below, should I assume that you no longer wish for his check to be re-issued?

Bernie

---

**From:** Bernie Osterlund
**Sent:** Monday, March 23, 2020 10:22 AM
**To:** 'Shethji, Pooja'; 'Yu, Stephanie'
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Hi.  I am following up on the below as I have not heard back from you.  Did you want us to proceed with sending Mr. Florero a new check?  If so, do you approve to have KCC pay itself $1700 from uncashed funds?

Please advise.

Bernie

Bernella (Bernie) Osterlund
Director
KCC Class Action Services, LLC
P:  415-458-3678
M:  415-233-3631
www.kccllc.com

---

**From:** Bernie Osterlund
**Sent:** Friday, February 28, 2020 9:31 AM
**To:** 'Shethji, Pooja'; 'Yu, Stephanie'
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Pooja,

Mr. Florero's settlement award was $444.54.  After taxes, his net check was $355.05.

To re-distribute his check would cost $1,700.  The annual tax filing accounts for the majority of these costs.

Let me know if you are ok with these costs, and that KCC could be paid out of uncashed funds.  If so, I'll go ahead and talk to class counsel.

Bernie

Bernella (Bernie) Osterlund
Director
KCC Class Action Services, LLC
P:  415-458-3678
M:  415-233-3631
www.kccllc.com

---

**From:** Bernie Osterlund
**Sent:** Friday, February 21, 2020 2:25 PM
**To:** 'Shethji, Pooja'; Yu, Stephanie
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Pooja,

There are over 400 uncashed checks.  All but 7 of them are past their stale date.  Those 7 checks go stale on April 14th if not cashed.  So there will be money remaining in the QSF.

The Settlement Agreement allowed KCC to deduct their costs for the re-distribution from remaining funds.  If you and class counsel are willing to allow this again, we could run a one-off distribution for Mr. Florero.  Before broaching this with class counsel, I'll get a cost estimate for running a one-off distribution so you know how much we're talking about.

Bernie

---

**From:** Shethji, Pooja [mailto:PShethji@outtengolden.com]
**Sent:** Friday, February 21, 2020 1:41 PM
**To:** Bernie Osterlund; Yu, Stephanie
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Hi Bernie,

I understand that Mr. Florero left New York in 2010 and returned last year.  Can his check not be reissued if he did not cash the 2012 check?

Thanks,
Pooja

**Pooja Shethji | Associate**
601 Massachusetts Ave NW, Suite 200W | Washington, DC 20001
T 202-847-4400 | F 646-509-2012
PShethji@outtengolden.com | Bio

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Bernie Osterlund <bernie.osterlund@kccllc.com>
**Sent:** Friday, February 21, 2020 4:37 PM
**To:** Yu, Stephanie <syu@outtengolden.com>
**Cc:** Jeff Moore <jmoore@kccllc.com>; Patrick Passarella <ppassarella@kccllc.com>; Tricia Solorzano <Tricia.Solorzano@kccllc.com>; Shethji, Pooja <PShethji@outtengolden.com>
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Stephanie,

In looking closer at this matter, class members who cashed their initial check from 2012 were issued a 2nd check last year.  Unfortunately, Mr. Florero did not cash his check from 2012.

His 2012 check was mailed to the address you show below.  Only we have the city as Richmond Hill, NY.  I googled the zip code and it confirmed that the city associated with that zip code is Richmond Hill (which is in Queens County).

*Bernie*

Bernella (Bernie) Osterlund
Director
KCC Class Action Services, LLC
P:  415-458-3678
M:  415-233-3631
www.kccllc.com

---

**From:** Yu, Stephanie [mailto:syu@outtengolden.com]
**Sent:** Friday, February 21, 2020 1:13 PM
**To:** Bernie Osterlund
**Cc:** Jeff Moore; Patrick Passarella; Tricia Solorzano; Shethji, Pooja
**Subject:** RE: Capsolas v. Pasta Resources - Check Reissued for Palemon Florero [IWOV-OGDMS.FID58519]

Thank you for taking the time to talk to me, Bernie!

The class member who is looking to get his check reissued is Palemon Florero. His address is:

116-11 JAMAICA AVE,
QUEENS NY 11418.

Please let me know if you encounter any issues.

I'm cc'ing Pooja Shethji, the attorney, so she is aware.


Best,
Stephanie




**Stephanie Yu | Litigation Operations Coordinator**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2060
syu@outtengolden.com

☐ ☐ ☐ ☐

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Bernie Osterlund <bernie.osterlund@kccllc.com>
**Sent:** Friday, February 21, 2020 4:07 PM
**To:** Yu, Stephanie <syu@outtengolden.com>
**Cc:** Jeff Moore <jmoore@kccllc.com>; Patrick Passarella <ppassarella@kccllc.com>; Tricia Solorzano

<Tricia.Solorzano@kccllc.com>
**Subject:** Capsolas v. Pasta Resources

Stephanie,

It was nice talking to you today.  Please send me the name of the class member who wants their check re-issued.  I'll check their records to make sure his/her check is eligible to be re-issued and status you back.

I'll have an accounting of the fund prepared and send to you early next week.

Please feel free to reach out to me at any time.

*Bernie*

Bernella (Bernie) Osterlund
Director
KCC Class Action Services, LLC
P:  415-458-3678
M:  415-233-3631
www.kccllc.com

********************************************************************************
Please visit the following website to read the KCC legal notice:
http://www.kccllc.com/Email-Disclaimer/
********************************************************************************


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in

this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.