USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephanie Capsolas, et al., on behalf of themselves and others similarly situated

          Plaintiffs,

-against-

Pasta Resources Inc., et al.,

          Defendants.

1:10-cv-05595 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a letter request by Plaintiffs' Class Counsel for the Court to approve Make the Road New York ("MRNY") as the *cy pres* designee for the remaining settlement funds in this action. (Pls.' Ltr., ECF No. 142.) Defendants oppose this request and suggest that the Court approve instead Bring Back Brooklyn ("BBB") or the National Restaurant Association Educational Foundation ("NRAEF").[1] (Defs.' Ltr. at 3.) For the reasons set forth below, the Court approves MRNY as the *cy pres* designee.

## BACKGROUND

Plaintiffs in this case are individuals who worked as captains, servers, waiters, bussers, runners, back waiters, bartenders and/or barbacks at eight restaurants in New York: Babbo, Bar Jamon, Casa Mono, Del Posto, Esca, Lupa, Otto, and Tarry Lodge (collectively, the "Restaurants"). *See Capsolas v. Pasta Res. Inc.*, No. 10-CV-05595 (RLE), 2012 WL 4760910, at *1 (S.D.N.Y. Oct. 5, 2012). Defendants are the corporate and individual owners of the Restaurants. *See id*.

---

[1] Defendants originally had suggested the Restaurant Employee Relief Fund ("RERF"), rather than NRAEF, as one of its two suggested *cy pres* designees. However, since RERF no longer accepts donations, Defendants now are suggesting NRAEF, which is an affiliated entity. (*See* Defs.' Ltr., ECF No. 144, at 3 n.3.)

1

On July 22, 2010, Plaintiffs Stephanie Capsolas and Hernan Alvarado commenced this action as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), bringing claims under the New York Labor Law and the Fair Labor Standards Act ("FLSA") against Mario Batali, Joe Bastianich and Pasta Resources, Inc. *See Capsolas*, 2012 WL 4760910, at *1. On July 29, 2010, Plaintiffs filed an Amended Class Action Complaint adding certain individuals as plaintiffs and certain corporate entities as defendants. *See id*.

On October 27, 2011, the parties participated in a mediation at which they agreed to the material terms of a settlement. *See Capsolas*, 2012 WL 4760910, at *1. Thereafter, the parties negotiated and drafted a settlement agreement (the "Settlement Agreement"). *See id*.

On January 5, 2012, the parties consented to conduct all proceedings in this case before Magistrate Judge Ellis. (*See* Consent, ECF No. 118.) On May 9, 2012, Judge Ellis entered an Order preliminarily approving the settlement, conditionally certifying the settlement class and appointing Outten & Golden LLP and Joseph, Herzfeld, Hester & Kirschenbaum LLP as Class Counsel. *See Capsolas*, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012). On October 5, 2012, Judge Ellis approved the settlement as set forth in the Settlement Agreement. *See Capsolas*, 2012 WL 4760910, at *4.

The Settlement Agreement provided that any money left in the settlement fund after all settlement checks have been redeemed or rendered void would be redistributed to class members who cashed their checks or, if a redistribution was not administratively feasible, paid to a *cy pres* designee. (*See* Settl. Agmt., ECF No. 133-1, ¶ 3.4(G).) The *cy pres* designee was to be

negotiated by the parties, subject to Court approval. (*See i*d.) If the parties were unable to agree on a *cy pres* designee, the dispute could be submitted to the Court. (*See id*.)

After the initial settlement checks were all redeemed or rendered void, approximately $192,000 remained in the settlement fund. (*See* Pls.' Ltr. at 1.) After redistribution of those funds to class members who cashed their settlement checks, approximately $46,000,00[2] remains in the settlement fund to be paid to a *cy pres* designee, but the parties were unable to agree on such designee. (*See id*.)

Given Judge Ellis's retirement, on November 17, 2020, this case was reassigned to me. On November 30, 2020, Class Counsel filed their letter seeking Court approval of MRNY as the *cy pres* designee. (*See* Pls.' Ltr. at 1.) In their letter in response, dated December 7, 2020, Defendants oppose MRNY and argue that BBB or NRAEF should be approved instead. (*See* Defs.' Ltr. at 3.)

## **LEGAL STANDARDS**

A "*cy pres* designee must have some relationship to the original class."  *In re Citigroup Inc. Sec. Litig*., 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016) (citing *In re Lupron Mktg. & Sales Practices Litig*., 677 F.3d 21, 33 (1st Cir. 2012)). "This [requirement] stems from the trust law requirement that any new, *cy pres* beneficiary of a trust be related to the old beneficiary so as to preserve the settlor's original purpose in creating the trust." *Id*.

There are two standards that have been used by courts to determine a *cy pres* designee, *i.e*., the "reasonable approximation" standard and "next best" standard. *See in re Citigroup*, 199 F. Supp. 3d at 848. The Second Circuit has yet to hold definitively which of these standards

---

[2] Class Counsel notes that the amount to be paid to the *cy pres* designee is subject to possible reduction for taxes that may be due at the end of the year. (*See* Pls.' Ltr. at 1 n.1.)

applies. *See id*. Under the first standard, courts select *cy pres* designees that "reasonably approximate" the interests of the class. *See id*. at 849 (citing *Lupron Mktg.*, 677 F.3d at 33). Courts that follow the "next best" standard "stress the trust law origins of the *cy pres* doctrine[, which] took its name from the Norman French expression meaning, 'as near as possible.'" *Id*. at 849-50. Thus, under this standard, designees are "selected to be 'as near as possible' to the original trust beneficiaries." *Id*. at 850.

In *In re Citigroup*, Judge Stein employed the "reasonable approximation" standard since it "best preserves the district court's broad supervisory powers . . . with respect to the administration and allocation of settlement funds." *See* 199 F. Supp. 3d at 852 (citation and internal quotation marks omitted). This Court finds Judge Stein's analysis in *In re Citigroup* persuasive and will approve a *cy pres* designee that reasonably approximates the interests of the class.

## DISCUSSION

MRNY, the *cy pres* designee proposed by Class Counsel, is a New York not-for profit corporation[3] that reasonably approximates the interests of the class in this case. "[MRNY] promotes the right of all workers to a living wage, dignity, and freedom to organize at work." *Sewell v. Bovis Lend Lease, Inc*., No. 09-CV-06548 (SHS) (RLE), 2013 WL 1316015, at *2 (S.D.N.Y. Mar. 29, 2013). "[MRNY] advances and protects the rights of workers through litigation, legislative advocacy, community education, and job training, [and MRNY] frequently represents workers in cases to recover unpaid wages and overtime under the New York Labor Law and the FLSA." *Id*. This Court has approved MRNY as a *cy pres* designee in other wage and hour cases. *See*

---

[3] *See* N.Y. Secretary of State Corporation and Business Entity Database: https://cutt.ly/QhELAYP

*id*. (MRNY is "appropriate designee[] under the *cy pres* doctrine, because [its] advocacy work on behalf of workers' wage and hour rights is closely related to the purpose of this lawsuit"); *Reyes v. Buddha-Bar NYC*, No. 08-CV-02494 (DF), 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) (approving MRNY and stating: "Under the *cy pres* doctrine, the best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit.").

Defendants argue that "MRNY is inappropriate because there is a conflict-of-interest among MRNY and Class Counsel." (Defs.' Ltr. at 3.) Defendants contend that a conflict exists because "MRNY has previously honored Class Counsel, Class Counsel had made financial contributions to MRNY, and Class Counsel and MRNY have actually been co-counsel on a number of cases." (*See* Defs.' Ltr. at 1.) The Court finds that there is no conflict that disqualifies MRNY. The fact that MRNY and Class Counsel have worked together in the past on *pro bono* matters (*see* Pls.' Ltr. at 2), and that MRNY previously honored Class Counsel, merely is reflective of that fact that MRNY and Class Counsel appear in cases as advocates for workers' rights. In addition, financial contributions made by Class Counsel to MRNY "raise[] no actual or apparent impropriety[, but] simply signal[] what is evident: class counsel believes [MRNY] is a legitimate and worthy operation whose interests are aligned with those of the class." *In re Citigroup*, 199 F. Supp. 3d at 853-54.

The two designees proposed by Defendants, BBB and NRAEF, do not reasonably approximate the interests of the class in this case. As Class Counsel notes in their submission, both BBB and NRAEF are part of employer organizations, *i.e.*, the Brooklyn Chamber of Commerce

5

and the National Restaurant Association (*see* Pls.' Ltr. at 3), and do not enforce wage and hour laws.

## CONCLUSION

For the foregoing reasons, the Court approves MRNY as the *cy pres* designee.

DATED:     December 8, 2020
           New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**